## UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN SOUTHERN DIVISION

IMA IBAN

   Plaintiff

Case No. 2:23-cv-12841

-v-

Hon. _____

COMAU, LLC

   Defendant

Shinn Legal, PLC
Jason M. Shinn (P64453)
Attorney for Plaintiff
3080 Orchard Lake Rd., Suite C
Keego Harbor, MI 48320
jshinn@shinnlegal.com
P: 248-850-2290

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Plaintiff, Ima Iban, for her Complaint against Comau, LLC states:

### INTRODUCTION AND NATURE OF THE ACTION

1. Ms. Iban is African-American. She worked for Comau, LLC. Relevant to the Complaint, Ms. Iban had scheduled PTO time to address a medical issue. And after this PTO was scheduled her supervsior at Comau scheduled an inspection that conflicted with Ms. Iban's leave. After this interference, Comau retaliated against Ms. Iban by terminating her, placing her on essentially a sham performance improvement

plan to create a pretextual paper trial to support its prior decision to terminate Ms. Iban, and other actions described below.

2.      In contrast, a few months before Ms. Iban's medical PTO, a similar situation arose where Ms. Iban's younger, male, white colleague scheduled PTO during a simlar inspection. But in that instance, the inspection was rescheduled and Ms. Iban's colleague experienced no retaliation or hostility for taking PTO or rescheduling the ISO inspection.

3.      Plaintiff sues Defendant Comau for wrongful termination and violations of the FMLA.

## THE PARTIES, JURISDICTION, AND VENUE

3.      Plaintiff Ima Iban is an individual. Ms. Iban lives in Oakland County, Michigan.

4.      Defendant Comau is, upon information and belief, a Deleware limited liability company that conducts business in Michigan, with its principal place of business and registered office and agent in the county within this Court's jurisdiction.

5.      This Court has jurisdiction of this action under 29 U.S.C. § 2617 and 28 U.S.C. §1331.

6.     This Court has supplemental jurisdiction over Plaintiff's state law claims under 28. U.S.C. § 1367 because they are so related to the federal claims they form part of the same case controversy.

7.     Venue is proper in this Court under 28 U.S.C. §1391(a) because the claims asserted arose at Defendant's place of business at 44000 Grand River Avenue, Novi, MI 48375, and this is also the main place of business of Defendant Comau.

8.     The amount in controversy is greater than $75,000.00, exclusive of costs and interest.

### Factual Statement

9.     Plaintiff incorporates by reference and realleges all the preceding allegations.

10.    Plaintiff is an African American female.

11.    At all relevant times to the Complaint, Plaintiff was an "employee" and Comau was her "employer" under the applicable statute or statutes set forth below.

12.    Specifically, Plaintiff worked for Comau from about August 16, 2022 through April 2022.

13.    Plaintiff held the position Environmental Healthy and Safety Specialist for Defendant.

14.    While employed by Defendant Comau, Plaintiff met or exceeded the work performance requirements for her job and expectations of Defendant Comau.

15.    Around January 4, 2022, Ms. Iban notified her manager (Yolanda Lopez) that Plaintiff scheduled PTO time to address a medical issue. This leave was approved by Comau.

16.    After scheduling the preceding leave and informing her manager about the leave, Plaintiff's supervisor scheduled an inspection that conflicted with Ms. Iban's scheduled leave.

17.    Previously when similar conflicts arose – at least for Ms. Iban's younger, Caucasion male co-worker (Austin P.), Comau rescheduled the training to accommodate the conflict with no retaliation or criticism. Unfortunatley, Ms. Iban received no such courtesy or fair treatment.

18.    Comau refused to reschedule the inspection. Further, Plaintiff's supervisor told her "because you took PTO" Plaintiff must do an audit and related work by herself at a different location.

19.    Further, Defendant also discriminated against Plaintiff when it terminated Ms. Iban in response to her taking FMLA leave and/or because of other discriminatory animus towards Plaintiff.

20.    This conclusion is supported by Comau advertising a job opening for Plaintiff's position at her Novi place of employment as early as January 14, 2022. Thus, Comau was seeking Ms. Iban's replacement at this time.

21.    Upon information and belief, before, around, and after January 14, 2022, Comau sought applicants for Plaintiff's position, including accepting applications, resumes, or interviewing candidates.

22.    On February 15, 2022, Comau's manager contended that due to poor performance Plaintiff was being placed on the performance improvement plan (PIP).

23.    Upon information and belief including based on the preceding facts, Defendant's PIP plan was a sham and implemented to create a pretextual nondiscriminatory reason to explain Defendants prior decision to terminate Plaintiff.

24.    For example, Defendant refused to acknowledge Plaintiff met or exceeded the requirements of the PIP.

25.    And consistent with that plan to have Plaintiff go through a sham PIP, Comau never scored Ms. Iban as performing satisfactory under the PIP. Comau's preordained failing assessment of Plaintiff followed its plan to create a pretextual, nondiscriminatory reason to get rid of Plaintiff.

26.    Also, Plaintiff diligently and in good faith followed the requirements in the PIP. But while on the PIP, Plaintiff learned Defendant was advertising for her

replacement. Thus, it became apparent to Plaintiff her good faith efforts were wasted in Defendants sham PIP. This discovery only added to the significant stress and frustration Plaintiff experienced from her job with Defendant.

27.     Adding to this stress and frustration Comau also continued to take deliberate action to discriminate, retaliate, and otherwise make Plaintiff's employment miserable.

28.     Around March 1, 2022, Plaintiff contacted Defendant's employee assistance program to seek relief from the stress, hostility, discrimination she was experiencing. Thereafter, Plaintiff sought medical treatment for the stress and anxiety caused by Defendant's unlawful discriminatory acts.

29.     Eventually the preceding deliberate conduct made Plaintiff's working conditions so intolerable that she was forced to leave her job around April 4, 2022.

30.     Defendant constructively discharged Plaintiff.

31.     At all relevant times, Plaintiff continued to perform her job duties in a satisfactory manner and remained qualified for her job.

32.     Plaintiff's health conditions were unrelated to her ability to perform her job duties for Defendants.

33.     Although Plaintiff had performed well in her employment with Defendant Comau, Plaintiff soon learned that Comau's management became negatively disposed against her once after she took medical leave.

### COUNT I AGAINST DEFENDANT COMAU –
### VIOLATIONS OF FMLA (INTERFERENCE)

34.     Plaintiff Ima Iban incorporates by reference and realleges all the preceding allegations.

35.     Upon information and belief, Defendant Comau employed over 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year and within a 75-mile radius from the location in which Ms. Iban worked. Thus, Defendant qualifies as an "employer" under the FMLA (See 29 U.S.C. § 2611(4)).

36.     Defendant Comau engaged in commerce or in an industry or activity affecting commerce.

37.     Plaintiff was an "eligible employee" under the FMLA. See 29 U.S.C. § 2611(2). This is because she was employed continuously by Defendant for over a twelve-month period and worked at least 1,250 hours of service in the prior twelve-month period.

38.     The FMLA gives an eligible employee "a total of 12 weeks of leave during any 12-month period for ... a serious health condition that makes the

employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).

39.     An employee who returns to work within the twelve-week statutory period are entitled to return to their previous position or an equivalent position. *Id*. § 2614(a)(1) .

40.     An employee entitled to FMLA leave must be restored to his or her former position or an equivalent position upon completion of leave, and "[t]he taking of leave . . . shall not result in the loss of any employment benefit accrued prior to the date on which the leave commenced." *Id*. § 2614(a)(1)-(2).

41.     The FMLA makes it "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right" provided by the act. The FMLA prohibits an employer from interfering with an employee's exercise of FMLA rights. 29 U.S.C. § 2615(a)(1); *Demyanovich v. Cadon Plating & Coatings*, L.L.C., 747 F.3d 419 , 427 (6th Cir. 2014).

42.     The FMLA also makes "… unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by …" the Act. 29 U.S.C. § 2615(a)(2).

43.     Ms. Iban had a right to leave under the FMLA, 29 U.S.C. § 2612(1). This is because she had a condition that qualified for protective leave under the FMLA.

44.     Around January 2022, Ms. Iban was approved for leave.

45.     Plaintiff required leave for a qualifying condition under the FMLA.

46.     Plaintiff followed Defendants' policy for taking leave.

47.     Defendant, through its managers or Plaintiff's supervisor, knew Ms. Iban needed medical leave that required an accommodation.

48.     Defendant, through its managers or Plaintiff's supervisor, also knew Ms. Iban had a medical condition that required FMLA leave and Comau knew Ms. Iban qualified for protections under the FMLA.

49.     After being approved for FMLA leave around January 2022, Plaintiff took leave for her condition.

50.     Defendant Comau, however, interfered with her rights under the FMLA.

51.     Such interference and denial included, but was not limited to retaliating against her, terminating Plaintiff before placing her on a PIP plan, refusing to reschedule an inspection, retaliating against her with false, defamatory, disparaging,

and other wrongful statements all in violation of the FMLA and FMLA related statutes described in the complaint.

52.    Defendant's actions were intentional and taken with deliberate disregard for Plaintiff's rights.

53.    Defendant Comau' interference with Plaintiff's employment and leave has directly and proximately caused Plaintiff significant damages, including loss of reputation, employment advancement, embarrassment, humiliation, outrage, mental distress, and economic loss.

54.    Defendant Comau' actions and constructive termination of Plaintiff interfered with her attempt to exercise her right of entitlement to leave under the FMLA, under 29 U.S.C. § 2615(a). As such, Defendant Comau violated the FMLA.

Wherefore, Plaintiff is entitled to an award of damages over $75,000.00, including but not limited to back pay, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest, and other damages as allowed by law and equity.

## COUNT II AGAINST DEFENDANT COMAU FOR VIOLATIONS OF FMLA (RETALIATION)

55.    Plaintiff Ima Iban incorporates by reference and realleges all the preceding allegations.

56.    The FMLA prohibits an employer from retaliating against an

employee's exercise of FMLA rights. 29 U.S.C. § 2615(a)(2); *Killian v. Yorozu Auto. Tenn., Inc.*, 454 F.3d 549 , 555-56 (6th Cir. 2006) (quoting *Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238 , 244 (6th Cir. 2004)).

57.    Defendant retaliated against Plaintiff for exercising her rights under the FMLA.

58.    Such interference and denial included, but was not limited to retaliating against her, terminating Plaintiff before placing her on a PIP plan, refusing to reschedule an inspection, retaliating against her with false, defamatory, disparaging, and other wrongful statements all in violation of the FMLA and FMLA related statutes described in the complaint.

59.    There is a causal connection between Plaintiff's protected activity and Defendant's retaliatory actions described in the Complaint.

60.    Thus, Defendant Comau, in terminating Plaintiff's employment for requesting FMLA, willfully violated the anti-interference provisions of the FMLA, e.g., 29 U.S.C. § 2615.

61.    The violations in the preceding paragraph by Defendant Comau make it responsible and liable under the FMLA, 29 U.S.C. § 2617(a).

62.    As a direct and proximate result of Defendant's unlawful actions, Plaintiff has sustained injuries and damages including, but not limited to, loss of pay,

loss of career opportunities, humiliation, embarrassment, mental anguish, emotional distress, and loss of reputation.

63.     As a result, Ms. Iban is entitled to recover her damages, including lost wages and benefits, liquidated damages, attorneys' fees, costs, interest, reinstatement, front pay and benefits, and any other legal and equitable relief to which she may be entitled.

Wherefore, Plaintiff is entitled to an award of damages over $75,000.00, including but not limited to back pay, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest, and other damages as allowed by law and equity.

WHEREFORE, Plaintiff Ima Iban asks this Court to enter judgment against Defendants Comau as follows:

     **a.** Compensatory damages in whatever amount over $25,000 Plaintiff is entitled.

     **b.** An award of back pay and the value of lost fringe benefits and pension benefits, past, and future.

     **c.** Exemplary damages in whatever amount over $25,000 Plaintiff is entitled.

     **d.** An award of interest, costs, and reasonable attorney fees.

**e.** Any other relief appears appropriate at the time of final judgment.

Respectfully submitted,

**Shinn Legal, PLC**

By:   */s/Jason M. Shinn*        Dated: November 8, 2023
      Attorney for Plaintiff

## **JURY DEMAND**

Plaintiff Ima Iban asks for a jury trial on all legal claims and prospective defenses, **except for** those claims based on equity or that intrinsically involve issues of law properly triable by the judge assigned to this case.

Respectfully submitted,

**Shinn Legal, PLC**

By:   */s/Jason M. Shinn*        Dated: November 8, 2023
      Attorney for Plaintiff

4873-1049-2773, v. 2

13